THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSHUA FREED, | NO. |
| Plaintiff, | COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF |
| vs. | |
| JAY INSLEE, Governor of Washington, in his official capacity, | |
| Defendant/Respondent. | |

## VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

1.     On March 23, 2020, Washington Governor Jay Inslee issued Proclamation 20-25, which prohibited "all people in Washington State from leaving their homes _or_ participating in social, *spiritual* and recreational gatherings of any kind *regardless of the number of participants…*" [emphasis added]. See Proclamation 20-25, attached as Exhibit 1 (hereinafter "GP 20-25"). GP 20-25 states it remains in effect until April 8, 2020 and was

[USDC WAWD Freed v. Inslee]

The North Creek Law Firm
12900 NE 180ᵗʰ Street #235
Bothell, Washington 98011
(425) 368-4238

extended until May 4, 2020 by Governor's Proclamation 20-25.1 (GP 20-25.1) signed April 2, 2020, attached as Exhibit 2.

2.     While GP 20-25 carves out broad exemptions for 162 types of secular commercial and recreational activities from this ban,[1] including "cannabis retailers", the order singled out to expressly prohibit any "spiritual" gathering of two or more, regardless of whether it is indoors or outdoors, whether it is on private property, or whether the participants employ social distancing, hygiene, and other efforts to slow the spread of COVID-19.

3.     GP 20-25 defines as essential the ability to purchase marijuana and permits the purchase of tobacco and vaping products in establishments that also sell food. Thus a citizen anxious about the COVID-19 pandemic could travel to public place to purchase marijuana, alcohol, vaping products or tobacco but is prohibited by law seeking the comfort on an in person meeting with a bible study leader, pastor, priest, rabbi or imam even if they practice social distancing.

4.     The Governor's office has issued a frequently asked questions guidance[2] regarding the proclamation that removes any doubt that all religious meetings of any kind are prohibited by GP 20-25.

"Can I go to my place of worship? **No.** Governor Inslee's directive prohibits all gatherings, public *and private*." [Emphasis added].

---

[1] These exemptions have since been broadened even further to include "geoduck facilities" and "tobacco and vapor sellers…if they sell food" among others. See Guidance Bulletin – Proclamation 20-25, 3/31/20 attached as Exhibit 3.

[2] See "What Does it Mean to Stay at Home" attached as Exhibit 4.

[USDC WAWD Freed v. Inslee]

The North Creek Law Firm
12900 NE 180th Street #235
Bothell, Washington 98011
(425) 368-4238

This makes it clear that the Governor's ban is not just on large religious gatherings but rather an absolute and total ban for a single individual seeking spiritual guidance from a bible study leader, rabbi, imam, pastor or spiritual support group, regardless of whether the participants employ social distancing, hygiene, and other efforts to slow the spread of COVID-19.

5.      For the past two and half years Joshua Freed and his wife have hosted a Bible study at their home every Wednesday evening. The number of attendees is small and Mr. Freed's home allows the services to be held outdoors when weather permits. The age of attendees tends towards the young, primarily high school and college students. Every single meeting of the Bible study had been in person prior to the issuance of GP 20-25, in keeping with the Biblical admonition of Matthew 18:20, "For where two or three gather together in My name, there am I with them."

6.      During the past two and a half years Mr. Freed, who is a former licensed marriage and family counselor, has prayed with and supported dozens of young people who have sought emotional, mental and spiritual support. This ministry is core to the exercise of his sincerely held religious beliefs, and it is impeded (both in terms of privacy and efficacy) by being prohibited by order of the Governor from meeting with even a single individual to pray, worship and have fellowship in person.

7.      On April 14, 2020, United States Attorney General William Barr issued a statement that "the First Amendment and federal statutory law" also prohibit governments

from impos[ing] special restrictions on religious activity that do not also apply to similar nonreligious activity. For example, if a government allows movie theaters, restaurants, concert halls, and other comparable places to assemble to remain open and unrestricted,

[USDC WAWD Freed v. Inslee]

The North Creek Law Firm
12900 NE 180th Street #235
Bothell, Washington 98011
(425) 368-4238

it may not order houses of worship to close, limit their congregation size, or otherwise impede religious gatherings. Religious institutions must not be singled out for special burdens.

*See* Statement of Attorney General William P. Barr, attached hereto as Exhibit 5.

8.     In his statement, Attorney General Barr also announced the Department of Justice had filed a Statement of Interest in support of a Mississippi church that allegedly sought to hold parking lot worship services before being criminally cited by local law enforcement. See id; The United States' Statement of Interest in Support of Plaintiffs, 4:20- cv-64-DMB-JMV) (N.D.Miss. 2020), attached hereto as Exhibit 6.

9.     On April 19, 2020 approximately 2,000 citizens gathered at the Capitol in Olympia to protest Governor Inslee and GP 20-25. In response Governor Inslee took no action to enforce GP 20-25 even though the protest was clearly in open defiance of the express language of GP 20-25. In anticipation of the rally the Governor said people were "welcome" to express their First Amendment rights. Following the rally Governor Inslee issued a statement saying, "I support free speech". His statements and actions contradict GP 20-25 and impermissibly burden certain forms of First Amendment expression over others by permitting a mass political demonstration but banning two people from gathering to pray in one another's homes.

## II. JURISDICTION AND VENUE

10.     This civil rights action raises federal questions under the United States Constitution, specifically the First and Fourteenth Amendments, and under federal law, particularly 42 U.S.C. § 1983.

[USDC WAWD Freed v. Inslee]

The North Creek Law Firm
12900 NE 180ᵗʰ Street #235
Bothell, Washington 98011
(425) 368-4238

5

5

11.     This Court has subject matter jurisdiction over the federal claims under 28 U.S.C. § 1331 and 1343.

12.     This Court has authority to grant the requested declaratory relief under 28 U.S.C. §§ 2201 and 2002, the requested injunctive relief under 28 U.S.C. § 1343, and reasonable attorney fees and costs under 42 U.S.C. § 1988.

13.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district and Defendant resides in this district.

### III. PARTIES

14.     Plaintiff Joshua Freed lives in Bothell, Washington.

15.     Defendant Jay Inslee is the Governor of Washington and is sued in his official capacity only.

### IV. FACTUAL ALLEGATIONS

16. Joshua Freed is a practicing Christian who had led mission and relief trips to the Philippines and Kenya over the past 21 years. Through these mission trips he has assisted in building 150 homes in response to an earthquake, assisted in the starting of health care clinics, helped build dormitories for deaf students, constructed day care facilities and dug wells for clean water in developing countries. All of this was an expression of his Christian faith lived out in community.

17.     Mr. Freed is the Founder of Globe Leadership which teaches young people that true leadership is servant leadership. As part of his long and sincerely held Christian faith, Mr. Freed believes and teaches that faith is practiced in community not in isolation. He believes

[USDC WAWD Freed v. Inslee]

that Jesus encouraged his followers to worship in community and pray with one another and believes the Bible teaches, among other things, the requirement to gather together for communal prayer, worship and fellowship and that such assembly is necessary to practice his Christian faith.

18.     For the past two and half years Joshua Freed and his wife have hosted a Bible study at their home every Wednesday evening. The number of attendees is no more than 25 to 50 participants and the average age is under 30. Despite his best efforts, it has been challenging to conduct the Bible study online because of the lack of intimacy, privacy and technical difficulties that plague the services.

19.     No Bible study participants are known to have COVID-19. Joshua Freed will conduct all in person Bible studies outdoors and communicate to participants in advance the following protocols: 1.) Attendees will be advised to perform temperature checks at home on all attendees prior to attending the Bible study, individuals that are ill or have fevers will not attend, 2.) Co-habituating family units may stand or sit closer together but otherwise the maximum social distancing possible will be used, however, at a minimum, the CDC recommended protocol will be observed with a minimum distance of at least 6 feet, 3.) high-risk individuals will be advised not to attend the in-person service, 4.) attendees will be advised to bring their own PPE, including masks and gloves; 5.) attendees will be advised not to engage in hand shaking or other physical contact.

20.     Joshua Freed will continue to attempt to offer streaming services, technology permitting, but seeks to have the option to legally move his weekly Bible study outdoors, while practicing adequate social distancing and health safety protocol as recommended by federal, state, and local authorities, and without being subject to penalty or punishment. He

[USDC WAWD Freed v. Inslee]

also seeks the ability to meet with his pastor or to meet with a member of his Bible study for in person prayer and worship.

## V. CAUSES OF ACTION

### COUNT I

### Violation of the First Amendment to the U.S. Constitution (Free Exercise)

21. Plaintiff incorporates by reference paragraphs 1 through 20.

22. Plaintiff sincerely held religious beliefs teach that Bible is inspired and teaches the necessity of gathering together for corporate prayer and worship and that such assembly is necessary and good for Christians and their spiritual growth.

23. GP 20-25 substantially burdens Plaintiff's religion by prohibiting him from holding in-person bible study services regardless of the number of participants.

24. GP 20-25 substantially interferes with Plaintiff's ability to carry out his religious doctrine, faith, and mission.

25. GP 20-25 targets, discriminates against, and shows hostility towards people of spiritual faith, including Plaintiff.

26. GP 20-25 is neither neutral nor generally applicable.

27. The State does not have a compelling reason for prohibiting all in person church meetings or home bible studies where congregants can otherwise practice adequate social

distancing protocol, especially when compared to the vast secular activities exempted under the order, nor has it selected the least restrictive means to further any purported interest.

28. GP 20-25 violates the Free Exercise Clause of the First Amendment to the United States Constitution, both facially and as applied.

29. In the absence of declaratory and injunctive relief, Plaintiff will be irreparably harmed.

## COUNT II

### Violation of the First Amendment to the U.S. Constitution (Free Speech)

30. Plaintiff incorporates by reference paragraphs 1 through 20.

31. GP 20-25 violates Plaintiffs' freedom of speech by prohibiting him from engaging in religious speech through their church services, which occur exclusively on private property.

32. GP 20-25 gives government officials unbridled discretion with respect to enforcement of the order and the imposition of any penalty, making the order susceptible to both content- and viewpoint-based discrimination.

33. Prohibiting or punishing Plaintiff's religious speech does not serve any legitimate, rational, substantial, or compelling governmental interest.

34. The State also has alternative, less restrictive means to achieve any interest that it might have.

[USDC WAWD Freed v. Inslee]

The North Creek Law Firm
12900 NE 180th Street #235
Bothell, Washington 98011
(425) 368-4238

35. GP 20-25 violates the Free Speech Clause of the First Amendment to the United States Constitution, both facially and as applied.

36. In the absence of declaratory and injunctive relief, Plaintiff will be irreparably harmed.

## COUNT III

### Violation of the First Amendment to the U.S. Constitution (Right to Assemble)

37.     Plaintiff incorporates by reference paragraphs 1 through 20.

38.     The First Amendment prohibits the State from violating Plaintiff's right to peaceably assemble.

49.     GP 20-25 violates Plaintiffs' right to peaceably assemble because the ban on in-person services regardless of size does not serve any legitimate, rational, substantial, or compelling governmental interest.

40.     In addition, the State has alternative, less restrictive means to achieve any interest that it might have.

41.     GP 20-25 violates the right to assemble under the First Amendment to the United States Constitution, both facially and as applied.

42.     In the absence of declaratory and injunctive relief, Plaintiff will be irreparably harmed.

[USDC WAWD Freed v. Inslee]

The North Creek Law Firm
12900 NE 180ᵗʰ Street #235
Bothell, Washington 98011
(425) 368-4238

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Enter a temporary restraining order, preliminary injunction, and permanent injunction prohibiting the State of Washington from enforcing the portion of GP 20-25 banning spiritual gatherings regardless of the number of participants, thus allowing Plaintiff and the members of his Bible study to continue to meet in-person (as a group or individually) for prayer and worship while practicing adequate social distancing;

b. Enter a judgment declaring that GP 20-25 violates the U.S. Constitution's Free Exercise, Free Speech, Right to Assemble, and Due Process Clauses;

c. Award Plaintiffs' court costs and reasonable attorney fees; and

d. Award such other and further relief as to which Plaintiffs may be entitled.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment of the United States Constitution.

It is respectfully requested that the jury trial be held in Seattle, WA given its geographic proximity to the plaintiff.

[USDC WAWD Freed v. Inslee]

Respectfully submitted this 21st day of April 2020.

**THE NORTH CREEK LAW FIRM**

By_____//s// Mark C. Lamb_____

    Mark C. Lamb,   WSBA No. 30134
    mark@northcreeklaw.com
    12900 NE 180th Street, Suite 235
    Bothell, Washington 98011

    Attorney for Joshua Freed

[USDC WAWD Freed v. Inslee]

**VERIFICATION**

I declare under penalty of perjury that the forgoing Verified Complaint has been examined by me and that the factual allegations therein are true to the best of my information, knowledge, and belief.

Dated April 21, 2020

Joshua Freed

The North Creek Law Firm
12900 NE 180th Street #235
Bothell, Washington 98011
(425) 368-4238