The Honorable Judge Benjamin H. Settle

# THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSHUA FREED,<br><br>    Plaintiff,<br><br> vs.<br><br>JAY INSLEE, Governor of Washington, in his official capacity,<br><br>    Defendant/Respondent. | No.: 2:20-cv-00599-BHS<br><br>PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR TEMPORARY RESTRAINING ORDER |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR TEMPORARY RESTRAINING ORDER**

PLAINTIFF'S REPLY TO
DEFENDANT'S RESPONSE TO
MOTION FOR TEMPORARY
RESTRAINING ORDER
CASE NO.: 2:20-cv-00599-BHS

1

The North Creek Law Firm
12900 NE 180th Street #235
Bothell, Washington 98011
(425) 368-4238

**I.     Introduction**

The crux of the motion before the Court is a very simple question: does the Governor's Proclamation 20-25 prohibit Freed from holding one-on-one Bible studies in his private yard for expressly and purely spiritual purposes?  Mr. Freed wants to conduct an outdoor Bible study and prayer time with a number of attendees. However, he desires to immediately begin with one-on-one Bible study meetings in his yard because it still allows him to fulfill his religious calling while maximizing the level of caution and care. To that end, Freed twice asked the Governor's counsel the above question directly, but she conspicuously declined to answer (despite responding to contemporaneous procedural inquiries).  Mr. Lamb, counsel to Freed, emailed Ms. Leathers on April 22, 2020, to ask whether the Governor's Proclamation 20-25 (the "Proclamation") would prohibit a simple one-on-one Bible study meeting. Ms. Leathers promptly responded to that email regarding service of process but did not respond to the question that is the subject of the current motion. Mr. Freed followed up less than seventy minutes later with another email to seek an answer. Ms. Leathers again did not acknowledge or respond to the question. The emails between Mr. Freed and Ms. Leathers are attached hereto as Exhibit 1(A).

Defendant's Response to Motion for Temporary Restraining Order, Dkt. #20 (the "Response"), argues that the Proclamation does not prohibit in-person religious or secular counseling. Dkt. #20 at pp. 9 and 23. In it the Governor asserts, for the first time, that Freed's activities would be deemed non-criminal under the Proclamation — so long as he recharacterizes his religious conduct as "counseling."  But Freed does not provide or want to provide secular "counseling," nor does he seek to conduct what he understands to be religious counseling. He further does not wish to limit his religious activities to providing whatever the Governor might

PLAINTIFF'S REPLY TO
DEFENDANT'S RESPONSE TO
MOTION FOR TEMPORARY
RESTRAINING ORDER
CASE NO.: 2:20-cv-00599-BHS

2

The North Creek Law Firm
12900 NE 180th Street #235
Bothell, Washington 98011
(425) 368-4238

consider lawful "counseling." He seeks to conduct a Bible study and prayer time on a one-on-one basis outside, in his yard, consistent with his sincerely held religious beliefs. *See* Exhibit 2 attached hereto.

The Governor, however, still refuses to directly say whether that is permissible under his Proclamation. Instead, he offers self-serving post hoc wordplay around the term "counseling," which only further illustrates why this motion was required in the first place. All Freed wants, at this point, is a straightforward answer to the question his counsel asked twice before over two weeks ago: can Freed lawfully provide one-on-one Bible studies, of a purely religious character, without limiting them to "counseling," whatever that term may mean? The Governor's answer will, in turn, be dispositive of this motion, one way or the other. If the Governor affirms on the record that a Bible study and prayer time fits within his counseling exception, then Mr. Freed will withdraw his motion for a TRO and, indeed, would not have filed such a motion if the Governor's counsel had responded to either of Mr. Lamb's emails in such a manner. If the Governor denies on the record that a Bible study and prayer time on a one-on-one basis in his yard does not fit within his counseling exception, then the motion is ripe for review.

**II.      Mr. Freed has standing to ask the Court for a TRO if the Proclamation prohibits the one-on-one Bible study and prayer time.**

The three *Thomas* (*Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000) (*en banc*)) factors cited by the Governor are the general factors that govern standing in this circuit, but the Governor failed to mention that "First Amendment cases raise 'unique standing considerations,' that 'tilt[ ] dramatically toward a finding of standing.'" *Lopez v. Candaele*, 630 F.3d 775, 781 (9th Cir. 2010) (citations omitted) (quoting *Ariz. Right to Life Political Action Comm. v. Bayless*, 320 F.3d 1002, 1006 (9th Cir. 2003); *LSO, Ltd. v. Stroh*, 205

PLAINTIFF'S REPLY TO
DEFENDANT'S RESPONSE TO
MOTION FOR TEMPORARY
RESTRAINING ORDER
CASE NO.: 2:20-cv-00599-BHS

3

The North Creek Law Firm
12900 NE 180th Street #235
Bothell, Washington 98011
(425) 368-4238

F.3d 1146, 1155 (9th Cir. 2000)). In pre-enforcement cases, "the plaintiff may meet constitutional standing requirements by 'demonstrat[ing] a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement,'" which requires the plaintiff to "'allege[] an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and . . . a credible threat of prosecution thereunder.'" *Id.* at 785 (quoting *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979)). These factors ultimately ask "whether the plaintiff has suffered an injury or threat of injury that is credible, not 'imaginary or speculative.'" *Id.* at 786 (quotation omitted). The *Thomas* decision "did not purport to overrule years of Ninth Circuit and Supreme Court precedent recognizing the validity of pre-enforcement challenges to statutes infringing upon constitutional rights" or "establish a new approach to justiciability." *Cal. Pro-Life Council, Inc. v. Getman*, 328 F.3d 1088, 1094 (9th Cir. 2003) (citations and quotations omitted).

The Governor, in this case, is undertaking a vigorous defense of the lawfulness of his Proclamation that bans even a one-on-one Bible study. This is understandable as the Governor stated that enforcement of his Proclamation "includes citations, suspension notices, revoking someone's business license, potential criminal charges..." WA Governor's Office, "Inslee, law enforcement provide guidance to businesses, individuals for compliance with 'Stay Home, Stay Healthy' order," available at https://medium.com/wagovernor/inslee-law-enforcement-provide-guidance-to-businesses-individuals-for-compliance-with-stay-home-d4bf2fdd0413 (last visited May 6, 2020). In response to the Proclamation and reinforced by the announcement of potential criminal charges, Mr. Freed ceased conducting his home Bible study. It is reasonable for Mr. Freed, when faced with potential criminal charges, to desire either an answer from the Governor as to

PLAINTIFF'S REPLY TO
DEFENDANT'S RESPONSE TO
MOTION FOR TEMPORARY
RESTRAINING ORDER
CASE NO.: 2:20-cv-00599-BHS

4

The North Creek Law Firm
12900 NE 180th Street #235
Bothell, Washington 98011
(425) 368-4238

whether a one-on-one Bible study is permissible or a TRO when the Governor refuses to answer the question. Mr. Freed's "pre-enforcement challenge is [ ] ripe" because he "is presented with the immediate dilemma [of choosing] between complying with newly imposed, disadvantageous restrictions and risking serious penalties for violation." *San Luis & Delta-Mendota Water Auth. V. Salazar*, 638 F.3d 1163, 1173 (9th Cir. 2011) (internal citations omitted); *see also Italian Colors Rest. V. Becerra*, 878 F.3d 1165, 1174 (9th Cir; 2018) ("Considering [the *Thomas*] factors, and keeping in mind that when the threatened enforcement effort implicates First Amendment rights, the standing inquiry tilts dramatically toward a finding of standing, the Court is satisfied that plaintiffs have modified their speech and behavior based on a credible threat of Section 1748.1's enforcement.") (quotation marks and citation omitted).

If the Governor concedes at argument that a one-on-one Bible study and prayer time in Mr. Freed's yard is protected and permitted under the counseling exemption, then Mr. Freed will withdraw his request for a TRO. If the Governor fails to so concede, then Mr. Freed has standing and the Court should address the merits.

**III.   The Governor's concession that secular and religious counseling is permissible resolves every argument on the merits in favor of Mr. Freed.**

When the Governor conceded in his Response that in-person secular and religious counseling are permissible as exceptions to his general rule of shutting down gatherings of any size, that concession significantly narrowed the issues for the Court. This concession is important, because the lack of neutrality resolves this case in favor of Mr. Freed, despite the Governor's assertions to the contrary.

While the Governor listed several contemporary cases in footnote 12 of his brief that purported to support an alleged "consensus" of courts' ruling unfavorably for religious liberty

PLAINTIFF'S REPLY TO
DEFENDANT'S RESPONSE TO
MOTION FOR TEMPORARY
RESTRAINING ORDER
CASE NO.: 2:20-cv-00599-BHS

5

The North Creek Law Firm
12900 NE 180ᵗʰ Street #235
Bothell, Washington 98011
(425) 368-4238

claims against shut down orders, the Governor fails to mention that several of those cases actually ruled *in favor* of religious gatherings occurring outdoors. *See Maryville Baptist Church, Inc. et al. v. Beshear*, No. 20-5427, 2020 U.S. App. LEXIS 14213, *14–*15 (6th Cir. May 2, 2020) (granting injunction pending appeal to allow drive-in church services); *First Pentecostal Church of Holly Springs v. City of Holly Springs*, No. 3:20-cv-119 M-P, 2020 U.S. Dist. LEXIS 72533, *4 (N.D. Miss. Apr. 24, 2020) ("This court regards plaintiff's request for the City 'to allow at least a drive-in service this coming Sunday' as being a quite reasonable one . . . ."). *See also On Fire Christian Ctr. v. Fischer*, No. 3:20-CV-264-JRW, 2020 U.S. Dist. LEXIS 65924, *3, *11 (W.D. Ky. Apr. 11, 2020) (granting TRO allowing drive-in church services); *First Baptist Church v. Kelly*, No. 20-1102-JWB, 2020 U.S. Dist. LEXIS 68267, *23—*24, *28 (D. Kan. Apr. 18, 2020) (granting TRO allowing in-person church services in compliance with social distancing protocols). Indeed, just yesterday, Governor Inslee revised his order to permit drive through religious services (though the sacrament of communion is banned), slowly inching Washington closer to a genuinely emerging consensus of courts in favor of outdoor religious services. *See* Exhibit 1(B) .

**A. Strict scrutiny applies to Mr. Freed's Free Exercise Clause claim**

In most circumstances, Governor Inslee is correct: strict scrutiny does not apply to Free Exercise Clause claims. There is an exception to the rule announced in *Employment Div. v. Smith*, 494 U.S. 872 (1990), however, when the government's rule is not neutral or generally applicable, such as when there are individual exemptions. *Smith* preserved the individual exemption test that was "developed in a context that lent itself to individualized governmental assessment of the reasons for the relevant conduct." *Id.* at 884. In *Church of the Lukumi Babalu*

PLAINTIFF'S REPLY TO
DEFENDANT'S RESPONSE TO
MOTION FOR TEMPORARY
RESTRAINING ORDER
CASE NO.: 2:20-cv-00599-BHS

6

The North Creek Law Firm
12900 NE 180th Street #235
Bothell, Washington 98011
(425) 368-4238

*Aye, Inc. v. City of Hialeah*, 508 U.S. 520 (1993), the Court doubled down on its preservation of the individualized exemptions exception to *Smith* where a rule "requires an evaluation of the particular justification" for the prohibited act. *Id.* at 537. The Court further stated that as "we noted in *Smith*, in circumstances in which individualized exemptions from a general requirement are available, the government may not refuse to extend that system to cases of 'religious hardship' without compelling reason." *Id.* at 538 (quotations and citations omitted); *Fraternal Order of Police Newark Lodge No. 12 v. City of Newark*, 170 F.3d 359, 364 (3d Cir. 1999) (Alito, J.) (exemptions to City's no-beard policy triggered strict scrutiny). This is true even when, as in *Lukumi*, the government does create a narrow religious exemption for the same activity. *See id.* at 536 ("The definition excludes almost all killings of animals except for religious sacrifice, and the primary purpose requirement narrows the proscribed category even further, in particular by exempting kosher slaughter").

Here, the Governor concedes that there are exemptions to his ban on public gatherings – including exemptions for secular and religious counseling.[1] If the Governor does not also concede on the record that Bible studies fall within the religious counseling exemption, then the Governor triggers strict scrutiny.

### B. The Governor misunderstands the compelling interest at issue

When a "law burdening religious practice [] is not neutral or not of general application [it] must undergo the most rigorous scrutiny." *Lukumi*, 508 U.S. at 546. The first step in the

---

[1] If the Governor argues that it is permissible to allow religious meetings for counseling purposes but not for Bible study even though they involve the same number of people, the same distancing requirements, and pose the same risk, the Governor is also guilty of violating the no preference test under the Establishment Clause. *See Larson v. Valente*, 456 U.S. 228 (1982).

PLAINTIFF'S REPLY TO
DEFENDANT'S RESPONSE TO
MOTION FOR TEMPORARY
RESTRAINING ORDER
CASE NO.: 2:20-cv-00599-BHS

7

The North Creek Law Firm
12900 NE 180th Street #235
Bothell, Washington 98011
(425) 368-4238

1  analysis is whether the government has a compelling interest. But the question is not whether the
2  government has a general compelling interest in preventing the spread of COVID-19. The true
3  question is whether the government has a compelling interest in not granting an exemption to
4  Mr. Freed. *See Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S 418, 431
5  (2006) ("In each of those cases, this Court looked beyond broadly formulated interests justifying
6  the general applicability of government mandates and scrutinized the asserted harm of granting
7  specific exemptions to particular religious claimants."). While *Gonzales* is a case analyzing strict
8  scrutiny in the statutory context under the federal Religious Freedom Restoration Act, its
9  analysis is based on pre-*Smith* law that is fully applicable when strict scrutiny triggers.

10  The Governor's "mere invocation of the general [harm of COVID-19] cannot carry the
11  day." *Id.* at 432. Again, the Court can presume that all the general reasons the Governor enacted
12  various orders are very important. But that is not the proper inquiry. Instead, this Court must ask
13  what is the compelling interest in not granting an exception for one-on-one Bible study when the
14  Governor already grants an exception for one-on-one secular and religious counseling.

15  In *Gonzales*, the Court found that an exception for the religious use of peyote was fatal to
16  the denial of an exception for the religious use of hoasca tea. Indeed, "[e]verything the
17  Government says about [the harm of one-on-one Bible studies in Mr. Freed's yard] applies in
18  equal measure to [one-on-one secular or religious counseling], yet" the Governor allows secular
19  or religious counseling but bans Bible studies. *Id.* at 433; *See Lukumi*, 508 U.S. at 547 ("It is
20  established in our strict scrutiny jurisprudence that a law cannot be regarded as protecting an
21  interest of the highest order . . . when it leaves appreciable damage to that supposedly vital
22  interest unprohibited.") (quotations and citations omitted). The counseling exception is fatal.

PLAINTIFF'S REPLY TO
DEFENDANT'S RESPONSE TO
MOTION FOR TEMPORARY
RESTRAINING ORDER
CASE NO.: 2:20-cv-00599-BHS

8

The North Creek Law Firm
12900 NE 180ᵗʰ Street #235
Bothell, Washington 98011
(425) 368-4238

**C. The counseling exception is also fatal to the least-restrictive-means prong of Mr. Freed's Free Exercise and Freedom of Assembly claims.**

"The right of free speech, the right to teach, and the right of assembly are, of course, fundamental rights." *Whitney v. California*, 274 U.S. 357, 373 (1927). When a government practice restricts fundamental rights, it is subject to "strict scrutiny" and can be justified only if it furthers a compelling government purpose and, even then, only if no less restrictive alternative is available. *See, e.g.*, *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 16–17 (1973); *Dunn v. Blumstein*, 405 U.S. 330 (1972).

"The least-restrictive-means standard is exceptionally demanding." *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 728 (2014). Here, the Governor identified that one-on-one counseling is permissible. Therefore, regardless of whether group meetings may be permissible, permitting a one-on-one Bible study is less restrictive of Mr. Freed's religious exercise, speech, and assembly rights *and* comports with the standards that the Governor has determined are sufficient for the government's interest in the near-identical counseling context. Mr. Freed is not seeking a TRO to allow his full Bible study. Mr. Freed is asking for a meeting of one on one, something the Governor already concedes is permissible for counseling purposes. Mr. Freed willingly narrowed his request for a TRO to conform to the lowest possible risk—indeed, a risk that the Governor concedes is permissible in identical contexts. Here, the Governor "has already established an accommodation for" secular and religious counseling. *Id.* at 730. As in *Hobby Lobby*, the Governor has not explained why this accommodation for counseling cannot equally apply to Bible study.

In the end, this motion is at the Governor's option. If the Governor concedes that a one-on-one Bible study falls within the religious counseling exception, Mr. Freed will voluntarily

PLAINTIFF'S REPLY TO
DEFENDANT'S RESPONSE TO
MOTION FOR TEMPORARY
RESTRAINING ORDER
CASE NO.: 2:20-cv-00599-BHS

9

The North Creek Law Firm
12900 NE 180th Street #235
Bothell, Washington 98011
(425) 368-4238

1  withdraw his motion for a TRO and take the Governor at his word. If the Governor refuses to so

2  concede, the counseling exception ends the discussion and the Court should grant the TRO.

**IV.   Conclusion**

Mr. Freed respectfully requests that the Court grant Mr. Freed's Motion for a TRO if the Governor does not concede that Mr. Freed's one-on-one Bible study falls within the Governor's counseling exception.

Respectfully submitted this 7th day of May, 2020,

**THE NORTH CREEK LAW FIRM**

By /s/ Mark C. Lamb

Mark C. Lamb, WSBA No. 30134
mark@northcreeklaw.com
12900 NE 180th Street, Suite #235
Bothell, Washington 98011

*Attorney for Joshua Freed*

Of Counsel

Hiram S. Sasser, III (*admitted pro hac vice*)
Michael Berry (*admitted pro hac vice*)
Justin Butterfield (*admitted pro hac vice*)
First Liberty Institute
2001 W. Plano Pkwy., Ste. 1600
Plano, TX 75075
Tel: (972) 941-4444
Fax: (972) 941-4457
hsasser@firstliberty.org

*Attorneys for Joshua Freed*

PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR TEMPORARY RESTRAINING ORDER
CASE NO.: 2:20-cv-00599-BHS

10

The North Creek Law Firm
12900 NE 180th Street #235
Bothell, Washington 98011
(425) 368-4238